IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON GOODMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 C 05787 |
| | ) | |
| NANCY A. BERRYHILL; THOMAS ENGLISH; SCOTT KARGOL; GEORGE FRANJEVIC, | ) ) ) ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in the Statement below, the Court grants Plaintiff's application for leave to proceed *in forma pauperis* [4]. Plaintiff may proceed without prepayment of the filing fee. The United States Marshals Service is appointed to serve Defendants. The Clerk shall issue summonses for service of the complaint by the U.S. Marshal on Defendants. The Clerk is directed to mail Plaintiff four blank USM-285 forms. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant. The U.S. Marshal will not attempt service on the Defendants unless and until the required forms are received from Plaintiff. Plaintiff must therefore complete and return the forms to the U.S. Marshal within thirty days of the date of this order. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. Plaintiff's complaint survives initial review under 28 U.S.C. § 1915. Plaintiff's motion for attorney representation [5] is denied.

## STATEMENT

Plaintiff Jason Goodman brings a *pro se* complaint of employment discrimination against Defendants, employees of the Social Security Administration. The complaint alleges that Defendants discriminated against Goodman on the basis of disability, race, religion, and sex in violation of the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964. Along with his *pro se* complaint, Goodman filed an application to proceed *in forma pauperis* ("IFP") and a motion for attorney representation.

Under 28 U.S.C. § 1915, the federal IFP statute, indigent plaintiffs are permitted to commence a civil action without prepaying the administrative costs (*e.g.*, the filing fee) of the lawsuit. Goodman's IFP application demonstrates that he qualifies for IFP status. According to his application, Goodman is not presently employed and is pursuing postgraduate education. His only income is $14,000.00/year in disability benefits. Because Goodman's total yearly income translates to $1,166.67/month, the Court finds that prepayment of the $400 filing fee would be an undue financial hardship. Accordingly, Goodman's IFP application is granted.

In reviewing an IFP application, however, courts must also screen the complaint. 28 U.S.C. § 1915(e)(2); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022–23 (7th Cir. 2013). This means that the Court must dismiss the complaint, or any claims therein, if it determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 465 (7th Cir. 2017) (stating that § 1915(e) "instructs the court to dismiss the case at any time if, among other things, the action fails to state a claim on which relief may be granted" (citation omitted) (internal quotation marks omitted)); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988) ("If the complaint submitted along with the petition is frivolous, the district court must deny leave to proceed in forma pauperis under § 1915(a) . . . .").

Courts screen IFP complaints in the same manner that applies when a defendant moves to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (internal quotation marks omitted). Under federal pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To adequately plead an employment discrimination claim, Plaintiff need only plead that his employer took an adverse against him on the basis of a protected characteristic. *Luevano*, 722 F.3d at 1028. For example, a complaint alleging sex discrimination "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [] sex," *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Id.* at 1085. "Employers are familiar with discrimination claims and how to investigate them, so little information is required to put the employer on notice of these claims." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014). Goodman's allegations that he was discriminated against on the basis of disability, race, religion, and sex, and that this discrimination resulted in his termination, appear to meet the very low pleading bar in employment discrimination cases, so his complaint survives initial screening. This Order, however, in no way precludes the Defendants from challenging the sufficiency of the Complaint under Rule 12.

The Court directs the Clerk to issue summonses on Defendants. The Clerk of Court shall send to Plaintiff four blank USM-285 service forms. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant. The U.S. Marshal is appointed to serve Defendants, but will not attempt service until the required form is received. Plaintiff must therefore complete and return a service form for each Defendant, and failure to do so may result in the

dismissal of an unserved Defendant, as well as dismissal of this case for failing to prosecute it. The Marshal shall make all reasonable efforts to serve Defendants and is authorized to send requests for waiver of service in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

Finally, Goodman's motion for appointment of counsel is denied without prejudice. There is no constitutional or statutory right to court-appointed counsel in federal civil litigation. District courts, however, have discretion to request an attorney to represent indigent litigants. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Motions for attorney representation are granted only if 1) the indigent plaintiff has made reasonable attempts to secure counsel on his own, and 2) "the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Id.* at 654. Goodman's motion indicates that in seeking representation, he contacted only one law firm after receiving his right-to-sue letter. This limited effort does not constitute "reasonable attempts" to secure counsel on his own. Further, according to his motion, Goodman is a college graduate and is pursuing postgraduate education. This suggests that he is competent to provide a factual narrative of the events on which his claim is based, which is all that is required at this early stage in the litigation. Therefore, his motion for attorney representation is denied without prejudice.

Date: August 30, 2019

John J. Tharp, Jr.
United States District Judge